Brandon Taylor v. Medtronic, U.S.A. Good morning, Your Honors. Ronald Orange for the appellant. Good morning. Pat for Medtronic, Inc. Thank you. Counsel, you may begin, appellant. Yes, Your Honor. Your Honor, this case was removed to the Northern District of New York. I contend an error. There were a number of errors. For example, in the removal petition, counsel did not obtain the consent of all the parties before removing the case to the Northern District. Wait, wait, wait. I didn't read, obtained the consent of a party who wasn't served. Isn't that correct? That's correct. Yes, Your Honor. Right. And docket entry number two in the state docket sheet indicated that Covidian LP was served, yet counsel's state failed to read the docket sheet. Another glaring error in the removal petition is it failed to list the citizenship of the general partners as well as the limited partners. During motion practice, they attempted to correct this error, but even then, when they supplied an affidavit from a paralegal, the information that the paralegal provided, and this is in the record at pages 250 to the joint appendix 250 to 252, stated that the principal place of business of Covidian was in the state of Massachusetts. Yet in the record, the joint appendix, page eight, it stated that the principal place of business of Covidian, I'm sorry, what I meant to say was in the affidavit of the paralegal stated the principal place of business was the state of Delaware. In the removal petition, it states at paragraph 7H, page eight, that the principal place of business is the state of Massachusetts. But none of them are New York, and that's what would defeat diversity, right? None of them, yes, Your Honor, none of them are New York, but they have to, they should state correctly so that we know what's going on. I did not have an opportunity to refute what the paralegal stated because we just didn't have sufficient time. In addition to that- Are you disputing that there's complete diversity here? I am not. I'm not disputing that, Judge. What I'm saying is they didn't basically set forth all the facts in the petition as they should have. Two, they also failed in violation of the Bright Line Rule. An amount in controversy, $75,000, was not stated in the complaint. Counsel, would you be willing to stipulate to $75,000 as the ad damnum cost as a price for going back to state court? Are you saying as the complete value of the case or just stipulate- Yes, as a complete value of the case. Okay. That's very- Judge, I didn't really think about that. But I might be willing to. Yes, I might be willing to stipulate to that, certainly. Because the judge breached the higher amount by doing what he called a reasons analysis of all the claims that you're making about Mr. Taylor. Well, you're also taking punitive damages. I mean, you would agree punitive damages count towards the $75,000 threshold, right, Mr. Hart? Judge, punitive damages was stated, but we're not seeking punitive damages and we would withdraw that. We wouldn't be able to sustain punitive damages under these facts. It was also an abuse of discretion for the lower court not to allow an amendment after the case- Counsel, you had an absolute right to amend your complaint. You don't even have to move in federal court to get an amended complaint. Thank you, Your Honor. And yet the court did not allow an amendment of the pleading that was the state court pleading. No, I think the point is that you didn't avail yourself of the as-of-right opportunity, right? I mean, you never filed an amended complaint. And after the motion to dismiss was granted, you didn't even formally ask for the opportunity to amend, right? I did ask for the opportunity to amend, Your Honor. After the dismissal? No, during the reply brief, I specifically asked for the opportunity to amend the- You didn't separately move, Counsel? You just put it in the reply brief? That's correct, Judge. I did. I put it in the reply brief. Again, this was a state court complaint that we didn't- I had no idea it was going to be removed to federal court. But that's the point. If it gets removed, you got to- By the time you're at a motion to dismiss, you got to know what the local rules are and what the federal rules are. The local rule requires you to attach a proposed amended complaint, which you didn't do, right? Right, but Judge, I didn't realize the case was going to be dismissed if I thought it was going to be dismissed. You're right. But a motion to dismiss had been made, so you knew that was a possibility, right? Certainly, Judge. I just think that given how the district court gave various considerations to the defendant, it was a reasonable consideration. We certainly could have stated a meritorious complaint. We would have easily sustained the burden of proof under failure to warn, defective design, manufacturing defect, negligence whatsoever. That right should have been granted, even with that oversight. And you are right, Judge Sullivan. That should have been done. That was not done. Could I ask you to go back to the consent or the removal issue? There are a number of circuits that have addressed situations kind of like this that have all basically said, we're not going to turn on a footfall or a mistake of this kind, particularly where there's an opposition to the remand motion later. But there's a 30-day requirement, and I wanted you to address that. I mean, that's what the other circuits don't sort of talk about too much. And in this case, the opposition to the remand motion was more than 30 days after the removal, right? That's correct. And Judge, that would be another basis for the court to have granted a remand, which was not done in this case. They were outside of the time limit. So under this court's rules, that remand should have been granted. Counsel, you reserve three minutes for rebuttal? Yes, Your Honor. Will he affirm Medtronic? Thank you. Good morning, counsel. Thank you. Good morning, and may it please the court. Again, my name is Lisa Blatt. I represent the Medtronic and Covidian defendants. The district court's decision should be affirmed for two reasons. First, all of the conditions for removal were satisfied. There was complete diversity. The defendants unanimously consented to removal, and there was more than a reasonable probability. Well, let's talk about that. I mean, the rule requires that all the defendants must join in or consent to the removal of the action. And it says each defendant shall have 30 days after receipt by or notice or service to file the notice of removal. So doesn't that suggest that you need to either file a notice of removal or join or consent to the removal within 30 days? No, I don't think that the unanimous consent is jurisdictionally tied to the 30 days, and I think it's because the statute proceeds in two steps. There's no question that a notice of removal has to be filed within 30 days. And the B-2A, I think it's B-2A. Yes, B-2A is the unanimous consent requirement, and that is not tied to a 30-day period. And it's worthy or noteworthy, Judge Sullivan, that before this unanimous consent requirement was written into the statute, the courts of appeals to have reached this issue had held that the defendants could consent to the removal after the notice of removal is filed. And when Congress codified this unanimous consent requirement, they notably didn't put any timeframe. And the First Circuit's decision, and I guess it's the Esposito case, did say that this wasn't jurisdictional, which is why the courts have held that it could be cured. So I do think that there is clearly a statutory requirement for unanimous consent. I just don't think that there's a textual basis for concluding that it's jurisdictional such that it would have to be filed within the 30 days. But you admit you didn't have unanimous consent. There was unanimous consent to removal, for sure. It just was not done at the time of the removal. Counsel, would you be willing to stipulate to remand to state court if the plaintiff stipulated to $75,000 maximum damages? I haven't discussed that with the client, so I just don't have an answer. The court obviously, I thought, you know, it's clear that the basis of the complaint satisfies the more than reasonable probability requirement because of the punitive damages, which I obviously heard the same thing you heard. But even putting aside the punitive damages, there was the permanent medical injuries alleged and the permanent loss of earning capacity. As well as medical costs and other costs. Yes, that's right. But right. Permanent injury and the complaint says it most likely will lead to continuing medical costs. But just the permanent loss of earning capacity alone. The surgery was many years ago. The poverty amount is $12,000. I mean, it's presumably. How old is Mr. Taylor now? He was 34 at the surgery, and I think that was in 2008, maybe. No, 2000. Well, he's not. I don't think he's 40 yet, so he's young. He's quite young. So I think, you know, just on the unanimous consent, it's the five circuits to have reached it. And I think you're correct that none of them have analyzed the issue, particularly the way you did, except that I do think that that First Circuit's decision goes a long way in addressing your concerns about it not being jurisdictional. Is there any daylight between join and consent? So in other words, the B2A says that you must join in or consent to the removal. And are they just synonyms or is there a difference between the two? Well, textually, you know, I could make the argument that there's a difference, and there's some law that, you know, talks about how the consent can be shown. Can one defendant represent it on behalf of the others? But here you have independent illustration of consent, and, you know, and I guess you could say that a joiner. It's clear that the one defendant did not join in the initial notice of removal, but otherwise indicated its consent and could be said to join in it. Could be said to join later. Yes, and I think, I mean, the courts have said that you can see that as a cure of a technical defect. I would argue that it's not even a defect because the statute doesn't put the 30-day limit into the statute. And since Congress didn't do that, it would just be a judge-made requirement that the 30 days. All right, but I want to direct your attention to our language in Pytrangelo v. Alvis Corp. That's our case, which says courts in this circuit have construed 1446 to require all defendants to consent to removal within the statutory 30-day period. So we're not riding on a blank slate, right? That's absolutely correct. And it's just that if, you know, the question is whether that can be cured. And the same circuits that have all looked at that agree with you that there's a unanimous consent requirement, but they said it can be done after the notice of removal is filed. So, like I said, I think. To require that within the statutory 30-day period if you don't have to do that within the 30-day period. It's just a cure. That's why it's, you know, when you have, it's basically a cure. So it's considered as if it was done if you analyze it as a cure. It's just, again, if it's not jurisdictional. This is Judge Park. What's our authority to do that? I mean, most of these cases were before the rule of unanimity was codified. And so I know you're pointing to the first circuit. I guess there's the 11th Circuit decision summary order. But what's our authority to sort of disregard the 30-day? I mean, you call it a cure, but I'm just wondering how we do that. Well, B2A doesn't have any time limit whatsoever in the statute. Yes, the language that was just read obviously says within the statute. Well, assume we read them together. Assume we don't agree with your reading where you separate the notice and the 30 days. Sure. I think there's just a myriad and oodles and oodles of analogous context where courts have done relate-back or non-protonc. There's all kinds of theories of de facto, this, that, and the other, where courts have said if it's done, you can cure a defect. It happens all the time with complaints and motions and signatures and verification. So I just think it's done all the time. What is the power of courts to do that? Whether it's – I don't think it comes to the inherent authority. It's just in terms of the practice. But I do rest a lot of my argument on I don't think the language says it. And I guess even if it was jurisdictional, you have all kinds of – I'm sorry. If it's not jurisdictional, you just have all kinds of equitable doctrines that allow you to do that. Even in statute of limitations, you have equitable tolling, so forth, waiver, et cetera. There's all kinds of – Well, here, on the equitable point, I mean you made presumably a strategic decision to try to get Covidian LP out of the case based on a technicality, defective service, and now you're asking us to disregard – not to apply the rule strictly. Yeah, no, I don't – sure. There was no motion to dismiss for failure to serve. It's just because there was no understanding that service had been made, that defendant did not join in the removal because there was an assumption that service hadn't been made. So as soon as it became clear that the defendant had been served, then yes. That defendant then said, oh, yes, of course we consent to removal. So it's not like there was a cake-and-eat-it-too problem. The defendant just didn't think it had been served. These were all related defendants, and it just so happens that this summons was attached, no fault to the plaintiff, but the summons was attached to the summons to a different related defendant. So I don't think this court should break with all the other circuits on this unanimous consent requirement. I'm not sure much purpose would be served by doing that, especially here when you have related defendants and a complete cure and that you know all defendants have consented to removal. One of the points I would argue with this is a defendant-protective thing to make sure the defendants aren't sort of going behind another defendant's back. Also, it's a court-protective procedure, and it's a plaintiff-protective procedure, and all those purposes are served here by allowing a cure, especially to the extent— Aren't we always better off when we go to the merits rather than technical failure? Sure, and yes, but the merits here is that everybody—the defendants all wanted to remove. There's no question about that. There's no doubt about it. There's no question. I'm talking about the merits of the plaintiff's claim. And this district court bent over backwards. There was a whole year and two rounds of briefing in addition to the complaint, a briefing opposition, a motion for supplemental briefing for the plaintiff to not only either tender an amended complaint, but even putting aside the rule just to articulate how the complaint would be amended. And there were two fundamental problems with both the design defect series of claims and the failure to warn that both sort of relatedly went to causation. At bottom, there was never an allegation. There's still not an allegation in this court how any adequate warning that was allegedly missing would have changed the physician's course of treatment. And on the design defect, there's just no coherence as to what actually was wrong with this device in a way that caused an injury and that using a different mesh device would have been safer. Thank you, counsel. This is Judge Park. I'm sorry, could I ask just one question about breach of implied warranty? As I understood, your argument was that Taylor didn't state a design defect claim, and so that meant that there was no breach of an implied warranty. But when I was looking at it, it seemed like the elements didn't really match up, that the design defect had to do with whether he alleged a safer alternative, which he didn't do. But that's not a requirement for breach of implied warranty, is it? No, you're absolutely correct. And the district court gave two reasons for dismissing the design defect, one of which would not apply to implied warranty. And under New York law, that Ford Motor Company case, it talks about how the two elements completely align except for certain circumstances. Here at bottom, the implied warranty is a consumer expectation test. So to that extent, it almost blends with the failure to warn. And there's no allegation here that the physician didn't get exactly what the physician expected. So there's just still a failure of allegation, although I agree the alternative defect is just not a part of the implied warranty element at all. Thank you, counsel. We'll hear from Mr. Hart. You have three minutes for rebuttal. Judge, I don't have anything further to say. Thank you. I appreciate it. Okay, thank you both. We'll reserve decision on this case. Turning to the next. Thank you.